# Port of Mobile *v.* Leloup.

*Action for Penalty imposed for breach of Municipal Ordinance.*

1. *License-tax on telegraph companies; constitutionality of.*—The port of Mobile having express authority under its charter, or act of incorporation, to impose a license-tax "upon all persons or corporations trading or carrying on any business, trade or profession, by an agent or otherwise, within the limits of said corporation," and having imposed, by ordinance, a license-tax of $225 on all "telegraph companies" doing business within the limits of the corporation; *held*, on the authority of *Osborne v. Mobile*, 16 Wall. 479, that said ordinance, in its application to a telegraph company which had complied with the requirements of the act of Congress (Rev. Stat. §§ 5263 *et seq.*), is not violative of the constitutional provision which confers on Congress the power "to regulate commerce with foreign nations and among the several States."

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. E. CLARKE.

BRAXTON BRAGG, for appellant, cited *Osborne v. Mobile*, 16 Wall. 479; *Telegraph Co. v. Texas*, 105 U. S. 464; 15 Wallace, 284; *Packet Co. v. St. Louis*, 100 U. S. 423; *Guy v. Baltimore*, 100 U. S. 430; *Packet Co. v. Catlettsburg*, 105 U. S. 559; *Transportation Co. v. Parkersburg*, 107 U. S. 691; *Dorman v. The State*, 34 Ala. 249; *Gilman v. Philadelphia*, 3 Wall. 713; *Amer. Tel. Co. v. W. U. Tel. Co.*, 67 Ala. 26.

G. B. & F. B. CLARK, *contra*, cited *Brown v. Maryland*, 12 Wheat. 419; 15 Wall. 284; 93 U. S. 116, 123; *License Cases*, 5 Wall. 462; *Henderson v. New York*, 92 U. S. 259; *Telegraph Co. v. Texas*, 105 U. S. 460. And on petition for rehearing they cited the following additional cases: *Sinnot v. Commissioners of Pilotage*, 22 How. 227; *Foster v. Davenport*, 22 How. 244; *Moran v. New Orleans*, 112 U. S. 69; also, 22 Fed. Reporter, Dec. 30, 1884, p. 276; Deoty's Sup. Court Reporter, vol. 5, p. 38.

STONE, C. J.—The act to incorporate the port of Mobile, approved February 11th, 1879 (Pamph. Acts, 392, 409), confers authority on the city government to levy and collect a license-tax "from all persons or corporations trading, or carrying on any business, trade, or profession, by an agent or otherwise, within the limits of said corporation." The Mobile police board, by an ordinance, ordained "that the license-tax for the year from the 13th of March, 1883, to the 15th of March, 1884, be, and the same is hereby, fixed as follows: . . On telegraph companies, $225." The Western Union Telegraph Company, a corporation chartered without the State, had an office in the port of Mobile, of which appellee was the chief manager. At that office, the company received and transmitted messages from and to points, both without and within the State of Alabama. It had complied with the requirements of the act of Congress,—Revised Statutes, §§ 5263, *et seq.*

The telegraph company, through its agent, the appellee, refused to take out or pay for the license aforesaid, and continued to do business without such license. A penalty was assessed against the agent, for a violation of the ordinance, and this suit was brought for its recovery. The defense was, that the ordinance is an attempt to regulate commerce, and violative of the clause of the Constitution of the United States which confers on Congress the "power to regulate commerce with foreign nations and among the several States." The Circuit Court held the defense good, and gave judgment against the port of Mobile.

Is the ordinance a violation of the Constitution of the United

[Sandlin v. Anderson, Green & Co.]

States? We will not gainsay that this license-tax was imposed as a revenue measure—as a means of taxing the business, and thus compelling it to aid in supporting the city government. That no revenue for State or municipal purposes can be derived from the agencies or instrumentalities of commerce, no one will contend. The question generally mooted is, how shall this end be attained. In the light of the many adjudications on the subject, the ablest jurists will admit that the line which separates the power from its abuse is sometimes very difficult to trace. No possible good could come of any attempt to collate, explain, and harmonize them. We will not attempt it. We confess ourselves unable to draw a distinction between this case and the principle involved in *Osborne v. Mobile,* 16 Wall. 479. In that case, the license levy was upheld, and we think it should be in this.—*Joseph v. Randolph,* 71 Ala. 499.

The rulings of the Circuit Court were not in harmony with these views.

Reversed and remanded.